**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(ALEXANDRIA DIVISION)**

| | | |
|---|---|---|
| **KWANG OK SUH,** | : | |
| 19771 Spyglass Hill Court | : | |
| Ashburn, Virginia 20147 | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.:_____** |
| | : | |
| **AGAPE HEALTH MANAGEMENT, INC,** | : | **REQUEST FOR JURY TRIAL** |
| d/b/a Agape Adult Day & Home Care | : | |
| 6349 Lincolnia Road | : | |
| Alexandria, Virginia, 22312 | : | |
| | : | |
| Serve: Registered Agent | : | |
| Dong Chul Choi | : | |
| 6349 Lincolnia Road | : | |
| Alexandria, Virginia, 22312 | : | |
| | : | |
| **and** | : | |
| | : | |
| **DONG CHUL CHOI,** | : | |
| 6349 Lincolnia Road | : | |
| Alexandria, Virginia, 22312 | : | |
| | : | |
| **And** | : | |
| **SUN OK LEE,** | : | |
| 6349 Lincolnia Road | : | |
| Alexandria, Virginia, 22312 | : | |
| | : | |
| **Defendants.** | : | |

**COMPLAINT**

**COMES NOW** the Plaintiff, KWANG OK SUH (hereinafter referred to as

"Plaintiff"), by and through her attorneys, Richard F. MacDowell, Jr. and MacDowell Law

Group, P.C., hereby files this Complaint against Defendant AGAPE HEALTH

MANAGEMENT, INC., doing business as and also known as Agape Adult Day & Home

Care (hereinafter "Agape Health") and DONG CHUL CHOI, (hereinafter "Choi"), personally

and as an Owner and President of Agape Health, and SUN OK LEE (hereinafter "Lee"), personally and as an Owner of Agape Health,  (collectively "Defendants"), to recover unpaid wages, recover overtime wages, liquidated damages, reasonable attorney's fees under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Virginia Minimum Wage Act ("VMWA") Virginia Code Ann. § 40.1-28.8, et seq., stating as follows:

## NATURE OF ACTION

1.      The Plaintiff is a former employee of Defendants AGAPE HEALTH MANAGEMENT, INC. (doing business as and also known as Agape Adult Day & Home Care), and DONG CHUL CHOI, the owner, C.E.O. and president of Agape Health, and SUN OK LEE, an owner of Agape Health, and alleges that these three Defendants intentionally and willfully violated the overtime provisions of the Fair Labor Standards Act 29 U.S.C. § 201, et seq., (the "FLSA").

2.      Plaintiff alleges, on behalf of herself under the provisions of the Federal Labor Standard Act ("FLSA") 29 U.S.C. §216(b), that she is entitled to (i) unpaid regular wages and unpaid wages for overtime work for which she did not receive overtime premium pay, as required by the FLSA; and (ii) liquidated damages, declaratory relief, costs, interest and attorneys' fees pursuant to the applicable statutes.

3.      Plaintiff further alleges the Defendants breached the terms of the contract of employment between the parties by failing to pay unpaid regular wages and unpaid wages for overtime work for which she did not receive overtime premium pay.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. § 1331 and § 1367, and 29 U.S.C. § 216.

5.      This Court has jurisdiction over the federal law claim asserted in this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6.      This Court has personal jurisdiction over the Defendant Choi, because he is and was engaged in business within the State of Virginia, and the events complained of occurred in the Eastern District of Virginia.

7.      This Court has personal jurisdiction over the Defendant Lee, because she is and was engaged in business within the State of Virginia, and the events complained of occurred in the Eastern District of Virginia.

8.      This Court has personal jurisdiction over the Defendant Agape Health because it was engaged in business within the State of Virginia, and the events complained of occurred in the Eastern District of Virginia.

9.      Venue is proper in this Court under 28 U.S.C. § 1391(b) since all of the Defendants have their place of business in this county and jurisdiction, and the unlawful acts occurred herein.

## PARTIES

10.      Plaintiff is a natural person and adult resident of Virginia. By acting as the named plaintiff, Plaintiff does hereby consent to participate as plaintiff in a case under the FLSA and for all other recover sought in this action under Federal and Virginia law.

11.      Defendant Agape Health is a Virginia Corporation formed under the laws of Virginia. At all times relevant to this action, All Defendants engaged in business activities and employed the Plaintiff in Fairfax County, Virginia.

12.      Defendants Dong Chul Choi and Sun Ok Lee are the owners of Agape Health, and Choi is the President and Resident Agent.

13.     Upon information and belief, Agape Health is a closely held corporation whose owners, Choi and Lee, are directly involved the operations and management of Agape Health.

14.     Plaintiff was an employee of Agape Health, located at 6349 Lincolnia Road, Alexandria, Virginia 22312, for the period of November 28, 2016 through April 28, 2019.

15.     Throughout the course of her employment, Plaintiff was paid wages below the legal minimum wage as required by federal and state law. In addition, Plaintiff was not paid her proper overtime pay in accordance with federal and state law.

16.     The Plaintiff regularly and customarily performed work for Agape Health in excess of forty (40) hours per week at the specific instructions and requirement of Agape Health, but she was not paid the proper overtime wages by either employer.

17.     The performance of work by the Plaintiff in excess of forty (40) hours per week work was an express condition of Plaintiff's continued employment with both employers.

18.     Throughout Plaintiff's employment with Defendants Agape Health, Defendants paid Plaintiff an amount below the agreed amount of $11.50 per hour for all regular hours worked, and Defendants failed to render overtime pay at the rate of time and a half, $17.25 per hour as required under the parties' agreement and the FLSA.

19.     Plaintiff brings this action to collect her unpaid lawful minimum wages, including overtime wages. Plaintiff worked an average of 64 hours per week and was not properly compensated for the overtime hours that she worked. The Defendants willfully violated the clear and well-established overtime provisions of the FLSA. Plaintiff seeks attorneys' fees and costs.

20.     Each Defendant is an "employer" within the meaning of the FLSA and the VMWA.

21.     Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

22.     At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

23.     At all times relevant to this cause of action, Agape Health had annual gross volume of sales made or business done, in an amount exceeding $500,000.00.

24.     At all times relevant to this cause of action, Choi and Lee controlled the day to day operations of Agape Health.

25.     At all times relevant to this cause of action, Choi and Lee had the power to hire, fire, suspend, and discipline Plaintiff while she worked at Agape Health.

26.     Choi and Lee supervised Plaintiff directly and indirectly while she worked at Agape Health.

27.     Choi directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so while she worked at Agape Health.

28.     Choi and Lee directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so while she worked at Agape Health.

29.     Choi and Lee are considered employers for purposes of individual liability because of each person's intrinsic involvement in the business of Agape Health.

30.     Plaintiff was employed by Defendants Agape Health and Choi and Lee as a home care provider/caregiver from November 28, 2016 through April 28, 2019 (the "Employment Period").

31.     At the beginning of her employment, Agape Health and Plaintiff agreed to compensate her at the rate of $11.50 per regular hour, plus overtime pay.

32.     During the Employment Period, Plaintiff was paid at the rate of $9.68 per hour for regular hours worked and $14.53 for overtime hours worked, for the period of November 28, 2016 through September 17, 2018. The Plaintiff worked every day, Monday through Friday, from 2:30 p.m. to 10:30 p.m., and Saturday through Sunday, from 8:00 a.m. to 8:00 p.m., which totaled 40 regular hours per week and 24 overtime hours per week.

33.     During the Employment Period, Plaintiff was paid at the rate of $10.06 per hour for regular hours worked and $15.09 for overtime hours worked, for the period of September 18, 2018 through December 9, 2018. The Plaintiff worked every day, Monday through Friday, from 2:30 p.m. to 10:30 p.m., and Saturday through Sunday, from 8:00 a.m. to 8:00 p.m., which totaled 40 regular hours per week and 24 overtime hours per week.

34.     Without explanation or justification, Defendants reduced Plaintiff's hourly rate of pay on December 10, 2018, down to $9.68 per hour for regular hours worked and $14.53 for overtime hours worked, for the period of December 11, 2018 through April 28, 2019. The Plaintiff worked every day, Monday through Friday, from 2:30 p.m. to 10:30 p.m., and

Saturday through Sunday, from 8:00 a.m. to 8:00 p.m., which totaled 40 regular hours per week and 24 overtime hours per week.

35.    The Plaintiff was not fully and properly paid for the regular wages and the overtime wages for the work she performed for the Defendants.

36.    The Plaintiff was not required to possess any specialized skills in order to do her assigned work for the Defendants.

37.    The Plaintiff did not have to supply her own tools or equipment in connection with her work for the Defendants.

38.    The Plaintiff performed manual labor for Defendants as a home health care worker, which included but was not limited to picking up patients, pushing patients in wheelchairs, assisting patients in and out of beds and chairs, assisting patients in using bathroom facilities, assisting patients in taking their medications, and other related tasks.

39.    The Plaintiff was required to report to work at a certain time.

40.    The Plaintiff did not control her schedule, which was set by the Defendants.

41.    The Defendants were at all times relevant hereto engaged in interstate commerce.

42.    The annual gross sales of the Agape Health business each exceeded $500,000.00 per annum.

43.    Choi and Lee directly or indirectly set and controlled Plaintiff's work schedule or had the power to control her schedule by virtue of each's management over the entire Agape Health business apparatus.

44.     Choi and Lee directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to determine her pay by virtue of each's management over the entire Agape Health business apparatus.

45.     Choi and Lee each had the indirect power and authority to discipline Plaintiff.

46.     Choi and Lee each exercised indirect authority over the terms and conditions of Plaintiff's employment and how much and the manner in which Plaintiff was paid.

47.     Choi and Lee directly or indirectly hired Plaintiff.

48.     Choi and Lee were directly or indirectly in charge of paying employees.

49.     Choi and Lee directly or indirectly told Plaintiff where to work and when to work.

50.     All of the Defendants, during all relevant times, were subject to the FLSA due to the nature of their business and revenues earned.

51.     All of the Defendants held Plaintiff out as an employee.

52.     All of the Defendants employed and paid Plaintiff as their employee.

53.     All of the Defendants are employers within the meaning of the term of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

54.     Choi and Lee are considered employers for purposes of individual liability under the FLSA because of their intrinsic involvement in the business.

55.     Plaintiff was employed by Defendants Agape Health, Choi, and Lee, for approximately two and a half years beginning on November 28, 2016 through April 28, 2019.

56.     Plaintiff is owed approximately $17,007.29 in unpaid regular and overtime wages from her work at Agape Health, while working for Agape Health, Choi, and Lee.

57.     All the Defendants willfully failed and refused to pay to Plaintiff in violation of federal law.

58.     Upon information and belief, none of the Defendants ever obtained legal advice that its overtime pay practices and/or policies were compliant with federal wage-hour laws prior to November 28, 2016.

59.     Upon information and belief, Defendants never obtained any written guidance from the U.S. Department of Labor concerning their pay practices and policies.

60.     No exemption from overtime applies or applied to Plaintiff when she worked or works more than 40 hours in a workweek for Defendants.

### COUNT 1 – Willful Violation of FLSA (All Defendants)

61.     Plaintiff adopts herein by reference paragraphs 1 through 60 above as if fully set forth herein.

62.     At all times relevant hereto, Agape Health, Choi, and Lee were "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

63.     At all times relevant hereto, Agape Health, Choi, and Lee were engaged in "interstate commerce" within the meaning of the FLSA.

64.     Plaintiff was an "employee" within the meaning of the FLSA.

65.     Agape Health, Choi, and Lee were required to pay Plaintiff compensation at the rate of one and a half times her proper regular hourly wage for all hours worked in excess of forty hours per week.

66.     Throughout the entire employment period of November 28, 2016 through April 28, 2019, Agape Health, Choi, and Lee failed to compensate Plaintiff at the rate of one and a

half times her regular hourly rate for all hours worked in excess of forty hours per week, in violation of the provisions of the Fair Labor Standards Act.

67.     During the time Plaintiff was employed by Agape Health, Choi, and Lee, all of the Defendants did not comply with the requirement of posting the notice prescribed by the Wage and Hour Division of the Department of Labor at the workplace of any employer of employees subject to the Fair Labor Standards Act's minimum wage provisions, and keep posted a notice explaining the Act in a conspicuous place in all of their establishments so as to permit employees to readily read it.

68.     The Plaintiff did not have knowledge of her rights to obtain the federal minimum wage and overtime wages because of the actions of Agape Health, Choi, and Lee.

69.     The actions of Agape Health, Choi, and Lee complained of herein constitute a willful violation of the FLSA, and prevented Plaintiff from having knowledge of her rights to obtain the federal minimum wage and overtime wages.

70.     The violations of Agape Health, Choi, and Lee make each of them liable to Plaintiff for all unpaid overtime compensation, and an additional equal amount as liquidated damages, in an amount to be determined at the trial of this action.

71.     Agape Health, Choi, and Lee did not have a good faith basis for their failure to properly pay the Plaintiff for the proper regular wages or overtime wages.

72.     No exemption from overtime wages applied to Plaintiff's employment with Agape Health, Choi, and Lee.

73.     Agape Health, Choi, and Lee's failure to post the notice required by the WHD was willful and intentional, as it was designed to avoid giving its employees knowledge of the minimum requirements of the FLSA.

## Count 2- Breach of Contract (All Defendants)

74.     Plaintiff adopts herein by reference paragraphs 1 through 60 above as if fully set forth herein.

75.     Plaintiff and the Defendants entered into an agreement under which the Defendant agreed to pay the Plaintiff $11.50 per regular hour worked.

76.     The Defendants breached the agreement, as aforesaid, by failing to render payment to the Plaintiff for all regular hours worked at the rate of $11.50 per hour, and by failing to render payment to the Plaintiff for all overtime hours worked at the rate of $17.25 per hour, for the entire employment period of November 28, 2016 through April 28, 2019.

77.     The Plaintiff performed all of the duties required of her pursuant to the terms of the parties' contract.

78.     As a direct result of the aforesaid breach of contract, the Defendants are indebted to the Plaintiff in the amount of $17,007.29, or an amount to be determined at trial, along with costs expended.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against all Defendants, jointly and severally, in the following amounts:

Count I: an award against all Defendants for the amount of unpaid regular time and overtime wages owed, calculated at a rate that is not less than one and a half (1.5) times Plaintiff's regular hourly rate for all overtime hours worked, an award of liquidated damages equal to the total amounts of unpaid wages owed, not less than $34,014.58, together with an award of reasonable attorneys' fees and all costs, plus interest, and

Count 2: an award against all Defendants for the amount of wages which were not properly paid pursuant to the parties' contract, in an amount to be determined at trial, but not less than $17,007.29, together with all costs, plus interest.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf

of the Plaintiff, demands a trial by jury on all questions of fact raised by this complaint.


KWANG OK SUH
By Counsel


MACDOWELL LAW GROUP, P.C.

_____/s/ Richard F. MacDowell, Jr._____
Richard F. MacDowell, Jr., VSB#21083
10500 Sager Avenue, Suite F
Fairfax, Virginia 22030
Tel: (703) 277-2811
Fax: (703) 277-2877
rfm@lawmacdowell.com
Counsel for Plaintiff